UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAO ZHAO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>OCWEN LOAN SERVICING LLC, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 11cv821-MMA (CAB)<br><br>**NOTICE RE: TENTATIVE RULING DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE** |

　　　　A preliminary injunction hearing is currently set in the above-captioned matter for Tuesday, May 17, 2011 at 9:30 a.m. Having considered the parties' submissions, and in anticipation of the hearing, the Court tentatively **DENIES WITHOUT PREJUDICE** Plaintiff's motion for a preliminary injunction prohibiting Defendants from selling, transferring, disposing of, or otherwise encumbering Plaintiff's property, and from evicting or removing Plaintiff from the property located at 11948 Black Mountain Road # 25 San Diego CA 92129.

　　　　Based on the record currently before the Court, Plaintiff is once again in the same posture as he was on April 28, 2011 when he was last before the Court seeking identical relief. While the loss of one's home may constitute irreparable harm, in this case the harm is not imminent because Plaintiff currently does not stand to lose his home in a foreclosure sale. *See Defendants' Opposition, Statham Decl'n.* ¶ 7 (May 19, 2011 sale has been taken off calendar and cancelled; no pending sale date scheduled). The allegation of imminent harm, without an actual demonstration of an immediate threatened injury, is insufficient to merit injunctive relief. *See Assoc. Gen. Contractors of*

*California, Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991). Furthermore, a court order effectively preventing the possible sale of Plaintiff's property at some unknown future time is not appropriate. *See, e.g., Capshaw v. Butte Cmty. Bank*, 2009 U.S. Dist. LEXIS 49110 (E.D. Cal. June 10, 2009) (holding that the possibility that a sale date may be set sometime after a specific date in the future to be too speculative and thus an insufficient basis for either a TRO or a preliminary injunction); *Moore v. Nat'l City Mortg. Co.*, 2010 U.S. Dist. LEXIS 4861, 6-7 (D. Haw. Jan. 21, 2010) (in a case where the defendant bank indicated that it had postponed the non-judicial foreclosure action for at least 60 days, the Court held that because no sale was scheduled plaintiff's motion for injunctive relief had to be denied, as there was no potential for any immediate, irreparable harm).

**The preliminary injunction hearing remains on calendar and appearances are required**.

**IT IS SO ORDERED.**

DATED: May 16, 2011

Hon. Michael M. Anello
United States District Judge