# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAO ZHAO,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING LLC, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 11cv821-MMA (CAB)<br><br>**ORDER RE: DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Doc. No. 26] |

　　　　This matter is before the Court on Defendants Ocwen Loan Servicing LLC, et al's [Doc. No. 26] motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  On August 19, 2011, the Court issued a [Doc. No. 40] tentative ruling granting in part and denying in part Defendants' motion.  On August 22, 2011, the Court held a hearing on the motion.

　　　　Having reviewed the submissions of the parties and considered the arguments of counsel, the Court **AFFIRMS** its tentative ruling for reasons stated on the record during the hearing, and in accordance therewith:

　　　　1.　　The Court **DENIES** Defendants' motion for judgment on Plaintiff's fraud claim against Defendant Ocwen.  The Court finds that the claim is not moot, and has been pleaded sufficiently under Federal Rule of Civil Procedure 9(b).  The Court notes with respect to Defendants' argument that Plaintiff fails to plead the misrepresentation of a "past or existing" fact, such allegations are not required in order to state a plausible fraud claim.  The elements of fraud are: (1) the defendant misrepresents material facts; (2) with knowledge of the falsity of the

1  representations or the duty of disclosure; (3) with intent to defraud or induce reliance; (4) which
2  induces justifiable reliance by the plaintiff; (5) to his or her detriment. *Hahn v. Mirda*, 147 Cal. App.
3  4th, 740, 748 (2007).  On the other hand, for negligent misrepresentation, a plaintiff must establish,
4  *inter alia*, "misrepresentation of a *past or existing* material fact, without reasonable ground for
5  believing it to be true . . ." *Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Associates, Inc.*,
6  115 Cal.App.4th 1145, 1154 (2004) (emphasis added).  Negligent misrepresentation is a "separate
7  and distinct tort." *See Bily v. Arthur Young & Co.,* 3 Cal.4th 370, 413 (1992).  Plaintiff does not
8  allege a negligent misrepresentation claim, only a fraud claim. *See Complaint* ¶ 22 ("Defendant
9  Ocwen, by and through its agents and employees, was *aware* that the statements made to Plaintiff
10 Zhao were false . . . Defendant Ocwen *knew* that it did not *intend* to follow through on any of the
11 representations made to Plaintiff. . .") (emphasis added).

12     2.    The Court **GRANTS** Defendants' motion for judgment on Plaintiff's wrongful
13 foreclosure claim against all Defendants.  The Court finds that the claim is moot.

14     3.    The Court **GRANTS** Defendants' motion for judgment on Plaintiff's breach of
15 contract claim against Defendant Ocwen.  The Court finds that Plaintiff fails to plead the existence
16 of an enforceable oral agreement between himself and Ocwen. *See Raedeke v. Gibraltar Sat. &*
17 *Loan Assn*. (1974) 10 Cal.3d 665, 673 ("[i]n the absence of consideration, a gratuitous oral promise
18 to postpone a sale of property pursuant to the terms of a trust deed ordinarily would be
19 unenforceable under section 1698"); *Grant v. Aerodraulics Co.*, 91 Cal.App.2d 68, 75 (1949)
20 (agreeing to pay part of a preexisting debt is generally not valid consideration); *Lawther v. Onewest*
21 *Bank*, 2010 U.S. Dist. LEXIS 131090 (N.D. Cal. Nov. 30, 2010) (plaintiff's reduced monthly
22 payments could not constitute consideration, as he was already required to make such payments
23 under the terms of his original loan agreement).

24     4.    The Court **DENIES** Defendants' motion for judgment on Plaintiff's promissory
25 estoppel claim against Defendant Ocwen.  The Court finds that the claim is not moot, and Plaintiff
26 alleges sufficient facts to establish the elements of his claim.

27     5.    The Court **DENIES** Defendants' motion for judgment on Plaintiff's unfair
28 competition claim against Defendant Ocwen, based on the Court's finding that Plaintiff has

1  sufficiently pleaded his fraud claim.

2        6.    The Court **GRANTS** Defendants' motion for judgment on Plaintiff's quiet title, rescission, and cancellation of instrument claims against all Defendants.  The Court finds that these claims are moot.  Furthermore, the Court finds that the claims fail under the "tender" rule.

      7.    Based on the foregoing, the Court **DISMISSES** Defendants Freddie Mac and Cal-Western Reconveyance Corporation from this action.

**IT IS SO ORDERED.**

DATED: August 24, 2011

Hon. Michael M. Anello
United States District Judge